Patrick D. Robbins (CABN 152288)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105-2997
Telephone: 415.616.1100
Facsimile: 415.616.1199
Email: probbins@shearman.com

*Attorney for Defendant Nolan Ramos*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NOLAN RAMOS,<br><br>　　　　　Defendant. | No. CR 22-CR00228-WHO<br><br>**DEFENDANT NOLAN RAMOS' SENTENCING MEMORANDUM**<br><br>Hearing:　　August 25, 2022<br>Time:　　　1:30 PM<br>Judge:　　　Hon. William H. Orrick<br>Courtroom:　No. 2, 17th Floor |

## **INTRODUCTION**

Defendant Nolan Ramos entered a guilty plea before the Court on July 7, 2022, to the single count in the Information, charging him with conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. The government and Mr. Ramos agreed in the Plea Agreement that his adjusted Sentencing Guideline level is 10. The parties requested (and the Court agreed) to have U.S. Probation prepare a Criminal History-only Presentence Report because regardless of whether Mr. Ramos' Criminal History fell within Category I, II or II, Mr. Ramos' likely sentence would match or be close to the amount of time he has already served since his arrest in June 2021. Probation has now calculated that Mr. Ramos falls within Criminal History III. His resulting Guideline range is 10 to 16 months imprisonment. Mr. Ramos has been in pre-trial detention for a total of 14 months, well above the low-end of the Guideline range. He was first in state custody from June to October 2021, and then in federal custody on this case since October 2021. Mr. Ramos requests that the Court impose a sentence of time served. This will allow BOP and the Marshals to promptly transfer Mr. Ramos to ICE custody, and facilitate his likely deportation, without further delay.

## **DISCUSSION**

Mr. Ramos acknowledged in his Plea Agreement that between April and June 2021, he conspired with others to distribute, and to possess with intent to distribute, controlled substances, including cocaine and methamphetamine. He was supplied with drugs by Co-Conspirator 1, which he then resold. On occasion, Co-Conspirator 1 provided Mr. Ramos with drugs, and Mr. Ramos paid for those drugs after reselling them. On June 30, 2021, Mr. Ramos was in the Tenderloin and sold methamphetamine to a San Francisco police officer acting in an undercover capacity. When he was arrested, Mr. Ramos had with him 13.4 grams (gross weight) of methamphetamine and 2.0 grams net weight of cocaine base. He has admitted that he possessed those drugs with intent to sell them. Plea Agreement (Dkt. 64), ¶ 2.

The parties have agreed upon the appropriate Sentencing Guideline calculation. *Id.* ¶ 7. Specifically, the parties agree that the base offense level is 14 under Guidelines § 2D1.1(a)(5) and (c)(14). A two-level reduction applies because Mr. Ramos was a "minor participant" under

Guideline § 3B1.2(b).  A further two-level reduction applies because by his plea and acknowledgement of his criminal conduct, Mr. Ramos has accepted responsibility under Guideline § 3E1.1.  His final offense level is 10.  The abbreviated Presentence Report calculates Mr. Ramos' Criminal History as Category III.  His resulting Sentencing Guideline range is 10 to 16 months.

Mr. Ramos remained in state custody following his arrest by San Francisco police officers on June 30, 2022.  Federal charges were initiated against him by Complaint in this Court on October 13, 2021 (Dkt. 1).  He made his initial appearance in federal custody on October 25, 2021 (Dkt. 15).  Mr. Ramos was not ultimately prosecuted for the instant conduct in state court.  He has been in continuous custody in this matter for approximately 14 months based on his date of arrest; and for at least 10 months in federal custody based on his first federal appearance.  Because his time in custody exceeds the low-end (and even the mid-range) of his agreed-upon Guideline range, Mr. Ramos respectfully requests that the Court now impose a sentence of time served.

A sentence of time served will obviate the need for the Bureau of Prisons to take additional time to perform a formal calculation of Mr. Ramos' time in state and federal custody, resulting custody credits, or his good time credits.  Mr. Ramos appears to be a Honduran national.  A time-served sentence will allow Immigration and Customs Enforcement (ICE) to immediately pursue a detainer of Mr. Ramos for deportation, without forcing Mr. Ramos to wait further in federal custody for a BOP calculation, which will almost certainly confirm his eligibility for release if the Court were to impose a sentence of a specific number of months.

## CONCLUSION

Because Mr. Ramos is indigent and qualified for court-appointed counsel under the Criminal Justice Act, he asks the Court not to impose any fine.  For all the foregoing reasons, Mr. Ramos further requests that the Court impose a sentence of imprisonment of time served.

Dated:  August 18, 2022                    SHEARMAN & STERLING LLP

By:    /s Patrick D. Robbins
       Patrick D. Robbins

*Attorney for Defendant Nolan Ramos*